23-1018-cv
*Tyson v. Town of Ramapo*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of June, two thousand twenty-four.

PRESENT:
> AMALYA L. KEARSE,
> JOSEPH F. BIANCO,
> MYRNA PÉREZ,
> *Circuit Judges*.

---

YOLANDA D. TYSON,

     *Plaintiff-Appellant*,

     v.                                          23-1018-cv

TOWN OF RAMAPO, CHRISTOPHER P. ST. LAWRENCE, AS TOWN SUPERVISOR, INDIVIDUALLY, YITZCHOK ULLMAN, AS COUNCILMAN, INDIVIDUALLY, SAMUEL TRESS, AS COUNCILMAN, INDIVIDUALLY, BRENDEL CHARLES, AS COUNCILWOMAN, INDIVIDUALLY, a/k/a BRENDAL LOGAN, PATRICK J. WITHERS, AS COUNCILMAN, INDIVIDUALLY, BRAD R. WEIDEL, AS CHIEF OF POLICE, POLICE DEPARTMENT TOWN OF RAMAPO; INDIVIDUALLY, PETER F. BROWER, AS FORMER CHIEF OF POLICE, POLICE DEPARTMENT TOWN OF RAMAPO; INDIVIDUALLY, THOMAS COKELEY, AS

CAPTAIN, POLICE DEPARTMENT TOWN OF
RAMAPO, INDIVIDUALLY,

*Defendants-Appellees.*

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | MICHAEL H. SUSSMAN (Jonathan R. Goldman, *on the brief*), Sussman & Goldman, Goshen, New York. |
| FOR DEFENDANTS-APPELLEES: | LEO DORFMAN, Sokoloff Stern LLP, Carle Place, New York. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Philip M. Halpern, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment, entered on June 12, 2023, is **AFFIRMED**.

Plaintiff-Appellant Yolanda D. Tyson, an African-American woman, appeals from an award of summary judgment in favor of the Town of Ramapo, individual Town officials, and police officials (collectively, the "Town"), on claims that her employment termination was discriminatory on the basis of her gender and race in violation of her constitutional right to equal protection under 42 U.S.C. § 1983 and New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 296, *et seq.* Tyson alleged that, while she was employed as a police officer, the Town denied her the opportunity to perform light duty assignments after she sustained an off-duty injury, even though other officers—particularly Caucasian and male officers—were permitted to perform light duty assignments under similar circumstances. Tyson asserts that, had she been allowed to perform light duty assignments, she would not have been out of work, and thus, her employment would not have been terminable under New York Civil Service Law § 71. We review an award of summary judgment *de novo* and will affirm if, after viewing the record in the light most favorable to Tyson, there are no genuine disputes of material fact. *Holcomb v. Iona Coll.,*

521 F.3d 130, 137 (2d Cir. 2008); Fed. R. Civ. P. 56(c). In doing so, we assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

Because Tyson alleges discrimination on the basis of her gender and race, we analyze her Section 1983 and NYSHRL claims under the familiar *McDonnell Douglas* burden-shifting framework used for Title VII claims. *Walsh v. N.Y.C. Hous. Auth.*, 828 F.3d 70, 74–75 (2d Cir. 2016) (NYSHRL claim); *Demoret v. Zegarelli*, 451 F.3d 140, 149 (2d Cir. 2006) (Section 1983 claim). To establish a *prima facie* case for gender or race discrimination, the plaintiff must demonstrate that: "(1) she was within the protected class; (2) she was qualified for the position; (3) she was subject[ed] to an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination." *Walsh*, 828 F.3d at 75 (internal quotation marks and citation omitted). "A showing of disparate treatment—that is, a showing that an employer treated plaintiff less favorably than a similarly situated employee outside h[er] protected group—is a recognized method of raising an inference of discrimination for the purposes of making out a prima facie case." *Ruiz v. County of Rockland*, 609 F.3d 486, 493 (2d Cir. 2010) (internal quotation marks and citation omitted). Although the plaintiff's case and her identified comparators' cases need not be identical to demonstrate disparate treatment, there must be "a reasonably close resemblance of the facts and circumstances" between the cases, including that they were subject to the same workplace standards, and disciplined for conduct that "was of comparable seriousness." *Graham v. Long Island R.R.*, 230 F.3d 34, 40 (2d Cir. 2000). Once the plaintiff establishes a *prima facie* case, the burden then shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the adverse employment action." *Walsh*, 828 F.3d at 75 (internal quotation marks and citation omitted). If the defendant can provide a legitimate reason

for the adverse action, there is no longer a presumption of discrimination, and the plaintiff has an opportunity to demonstrate that the defendant's proffered reason was a pretext for discrimination. *Naumovski v. Norris*, 934 F.3d 200, 214 & n. 39 (2d Cir. 2019). Under Section 1983, a plaintiff must show that discrimination "was a 'but-for' cause of the adverse employment action." *Id*. at 214. By contrast, for claims under NYSHRL, we regularly apply the less rigorous "motivating factor" standard as for claims brought under Title VII. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 85–86 (2d Cir. 2015) (applying "motivating factor" standard to Title VII discrimination claims); *Matusick v. Erie Cnty. Water Auth.*, 757 F.3d 31, 47 (2d Cir. 2014) (stating that Title VII and NYSHRL discrimination claims are analyzed under the same standard).

The district court held that Tyson failed to satisfy the fourth element of a *prima facie* case of discrimination because there was no evidence in the record to support an inference of discriminatory intent. *See Tyson v. Town of Ramapo*, 677 F.Supp.3d 173, 183–84 (S.D.N.Y. 2023). However, we need not address this issue because we conclude that, even assuming *arguendo* that a *prima facie* case was established, the district court correctly held in the alternative that no rational jury could find that the Town's proffered reason for her employment termination was a pretext for discrimination. *See id*. at 184–86. In particular, the Town contends that it terminated Tyson's employment under Section 71 of New York Civil Service Law, which to the extent relevant here, allows public employers to terminate the employment of civil servants with an occupational disability if they have been unable to perform their full duties for one year. *See* N.Y. CIV. SERV. LAW § 71 (2003). Further, the Town argues it had a practice of providing light duty assignments only to those officers who were receiving disability benefits under General Municipal Law § 207-c for a line-of-duty injury ("LODI" status), or were being carried as sick

4

while their applications for such benefits were pending ("SPL" status). Tyson did not receive Section 207-c benefits and does not contend, on appeal, that she was entitled to such benefits.[1]

As an initial matter, although Tyson identified eleven Caucasian police officers in the Town ("Officers 1–11") as comparators who could support an inference of discrimination, the district court only considered Tyson's arguments with respect to Officer 6 because it determined that she had abandoned any arguments with respect to the other comparators by failing to focus on them in her brief in opposition to the motion for summary judgment. *See Tyson*, 677 F. Supp.3d at 183. Tyson contends this was error. We need not address this argument because, even considering all the comparators identified by Tyson, we conclude that summary judgment in the Town's favor on the discrimination claims was warranted. And because we conclude that Tyson's claims fail to survive summary judgment using the lower motivating-factor standard, *a fortiori* we conclude her claims cannot survive the more stringent but-for standard of proof.

Although Tyson seeks to prove discriminatory pretext by pointing to 11 proposed comparator police officers who she argues were injured and received more favorable treatment, Tyson was not "similarly situated in all material respects" to Officers 1–5 and 7–11 based on the uncontroverted information in the record about their respective circumstances. *Shumway v. United Parcel Serv., Inc.*, 118 F.3d 60, 64 (2d Cir. 1997); *accord McGuinness v. Lincoln Hall*, 263 F.3d 49, 54 (2d Cir. 2001) ("[E]mployees must have a situation sufficiently similar to plaintiff's to support at least a minimal inference that the difference of treatment may be attributable to discrimination."). Officers 1–5 and 8–11 are dissimilar to Tyson because none of them stayed out

---

[1] In 2016, Tyson commenced an Article 78 proceeding in New York State Supreme Court seeking to annul her employment termination. The state court dismissed that petition, holding that the Town's termination of her employment was proper under Section 71 and the Memorandum of Agreement that the Town entered with the union in 2016, whereby the Town and union agreed that officers who remained out on leave for more than a year without LODI could have their employment terminated by the Town under Section 71.

on disability leave for over one year without the protections of Section 207-c, or a pending application for disability retirement, following a LODI.  With respect to Officer 6, who stayed out on disability leave for more than one year without Section 207-c benefits, the district court correctly determined that the Town treated him in the same manner as Tyson, in that, after he was absent from the workplace for more than one year, Officer 6 was placed on notice by the Town that his employment would be terminated under Section 71.  Officer 6, pursuant to a settlement agreement with the Town, agreed to retire from the Town's police department in lieu of employment termination.  *See Tyson*, 677 F. Supp. 3d at 183–84.  The Town advised Tyson that she should consider contacting the New York State Employees' Retirement System to determine her possible eligibility for various retirement benefits.  Other than Officer 6 (as described above), the only comparator who continued to be employed by the Town after being out for more than one year without Section 207-c benefits was Officer 7.  But although Officer 7 was out for over one year—while his application for disability retirement was pending—he was dissimilar to Tyson because after the denial of his application he, unlike Tyson, returned to work.  Thus, Tyson points to no comparator without Section 207-c benefits from a LODI who remained employed by the Town after being absent for more than one year.

To the extent that Tyson argues that these comparators were treated more favorably because they received light duty assignments, we are not persuaded.  Tyson neither alleged nor proffered evidence that she ever requested light duty work.  Even more, the record does not contain any evidence of circumstances sufficient to permit a jury to infer that a decision to deny her light duty accommodation, if there was one, was attributable to an impermissible consideration.  *See Bart v. Golub Corp.*, 96 F.4th 566, 577 (2d Cir. 2024).  For example, Tyson claims that comparator Officers 2, 4, 5, 6, 7, and 10 were given the opportunity to perform light duty assignments by the

6

Chief of Police after their injuries. However, again, Tyson does not dispute that, unlike her, these officers all sustained injuries in the line of duty and were thus awarded Section 207-c benefits or carried under SPL status. Indeed, the comparator officers who did not receive Section 207-c benefits also did not receive light duty work. For example, Officer 3, who sustained an injury while walking into the police station, was denied Section 207-c benefits, and there is no indication in the record that Officer 3 then performed any light duty assignments. Similarly, Officer 9 was denied Section 207-c benefits after sustaining an injury while attempting to lift his briefcase out of his locker, and there is no indication in the record that he then performed light duty work. Although Tyson alleges that she observed Officer 5 performing light duty work for several years, this does not establish that a comparator was given light duty work despite the Department's policy of only granting light duty assignments with LODI or SPL status.[2] Officer 5 was granted 207-c status twice, and denied it once, between 2012 and 2013. In addition, although Tyson stated that she believed Officer 11 received light duty work after sustaining an injury while in police academy and separated from the police department sometime thereafter, she did not know how long Officer 11 was given light duty work, the nature of her injury or the terms of that separation. Because Tyson does not provide any details or time frame for Officer 5's alleged light duty work, she has not shown that the employer's stated reason is merely a pretext for discrimination so as to preclude summary judgment.

Therefore, the uncontroverted evidence demonstrates that the Town consistently applied its proffered policy of providing light duty work solely to those officers with LODI or SPL status, and therefore, we hold that Tyson cannot meet her burden of showing that the Town's legitimate,

---

[2] To be sure, evidence in the record shows that Tyson was treated on par with these officers because when she was previously granted LODI status she then received transitional or light duty temporarily. *See* Joint App'x at 307–09.

non-discriminatory reason for terminating her employment, rather than providing light duty work, was pretextual.[3]  *See Shumway*, 118 F.3d at 64 (affirming summary judgment against female plaintiff on gender discrimination claim where uncontradicted evidence indicated that male employees were treated in exactly the same manner as plaintiff); *accord McGuinness*, 263 F.3d at 55–56.

In sum, Tyson has not produced sufficient evidence to support a rational finding "that the employer's stated non-discriminatory reason is either false or inadequate to support" the Town's decision to terminate her employment.  *Naumovski*, 934 F.3d at 215.  Accordingly, the district court properly granted summary judgment to the Town on Tyson's gender and race discrimination claims under Section 1983 and NYSHRL § 296.

*          *          *

We have considered Tyson's remaining arguments and conclude that they are without merit.  Accordingly, the judgment of the district court is **AFFIRMED**.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court

---

[3]  Given our conclusion on this ground, we need not address the Town's other arguments as to why the comparators were not similarly situated to Tyson, including that some involved different decision-makers and some were subject to different standards prior to the Memorandum of Agreement between the Town and union in 2016.